**Willie EDWARDS**

v.

**McLELLAN STORES COMPANY.**

Civ. A. No. 2390.

United States District Court
E. D. Tennessee, N. D.

Nov. 1, 1954.

82

Carl A. Cowan, Knoxville, Tenn., for plaintiff.

H. H. McCampbell, Jr., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Defendant has filed motion for summary judgment of dismissal, on the ground that plaintiff, as a former employee of defendant, was exempt from coverage of the Fair Labor Standards Act, as provided by 29 U.S.C.A. § 213 (a)(2), defendant being a retail establishment.

Affidavits submitted in opposition to the motion show that plaintiff, regularly employed as a janitor, devoted part of his time to disposing of incoming interstate shipments and aided in removing and loading packages destined for outgoing interstate shipment. Defendant's affidavit tends to negative the claim as to interstate shipments.

The relevant portion of § 213 is as follows:

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to * * * any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar · volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establish-

ment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry; * * *."

█ Assuming that plaintiff may have devoted a portion of his time to moving packages from the store and helping to load them onto trucks for interstate shipment, this alone would not bring him within the coverage of the Act. It is said in some of the cases that it is the employee's activities that determine whether he is within the coverage of the Act. But that would not apply to an employee employed by a retail establishment. To bring the employee within the coverage, the barrier represented by the percentages would have to be surmounted.

Accordingly, there are two questions of fact: (1) That as to the employee's duties, which would be material if the percentage barrier is overcome; (2) what the percentages are. If the second issue is resolved in favor of defendant, the one first stated would not be reached.

It is a matter of common knowledge that defendant is a chain store operator. Its Knoxville store is a retail store. The parent company possibly has a central warehouse or distributing center. Its employees could very well be within the coverage of the Act. If the chain must be considered as a whole, plaintiff might come within the coverage of the Act as being a necessary link in the chain of interstate shipments. He would be within the chain only if he is employed by the chain and not by a retail establishment. If the Knoxville store is such a separate part as to be regarded for present purposes as a separate retail store, then the two issues stated above are the determining issues.

█ Another way (probably the correct one) of looking at the chain store organization is to view it as a system of retail stores, centrally owned, but being predominately a retail store system. In this view, the Knoxville store would be a retail establishment. Its being owned by a company which also owns other retail stores would not take away its character as a retail establishment. The fact that it gets its goods from a warehouse outside or inside the State could not take away its retail character, any more than would be true of a corner grocery. Where it gets its goods would not be controlling, but the manner in which it disposes of its goods, that is, whether to ultimate consumers within the State or to consumers outside the State.

In Phillips, Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, the court held that employees in the central warehouse and offices were not exempt under the retail provision of the Act. Though the central warehouse serviced retail establishments, it was not itself a retail establishment. The court said in 324 U.S. at page 496, 65 S.Ct. at page 810: "But if, as we believe, Congress used the word 'establishment' as it is normally used in business and in government—as meaning a distinct physical place of business—petitioner's enterprise is composed of 49 retail establishments and a single wholesale establishment. Since the employees in question work in the wholesale establishment, Section 13 (a) (2) is plainly irrelevant."

█ The inference to be drawn from the Phillips case is that employees of the local store are to be considered as if the store did not belong to a chain system. This brings the case back again to the two controlling issues heretofore stated, for by no practical process of reasoning could plaintiff here be held an employee of the central warehouse so as to be for that reason engaged in interstate commerce.

█ Under the rule of the Phillips case, however, if the Knoxville store of defendant is a warehouse and distributing point for other McLellan stores in adjoining states, plaintiff's duties would be material. If the warehouse and distribution theory is established by proof, then the store would be of dual character and those employees engaged

**84**

in the warehouse and distribution work might be within the coverage of the Act. Whether plaintiff would qualify for membership in this class would depend upon the nature of his work, that is, whether he was an employee of the retail establishment or an employee of the warehouse and distribution establishment.

For the reason that there are very definite and material issues of fact, the motion for summary judgment should be overruled.